**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
DANYA SHNEYER,                                    Docket Number: 22-cv-10709

                                   Plaintiff,

              -against -

PRECISION AUTO SALES OF NY, INC.
SALVATORE ALFRED RIINA, DANIEL S. RIINA,
WE CASH AUTOS, MSS, INC. and AVC AUCTIONS INC,

                                   Defendants.
-------------------------------------------------------------------X

## COMPLAINT
## AND
## DEMAND FOR JURY TRIAL

### Summary Of The Case

          Plaintiff alleges a fraudulent conspiracy and scheme perpetrated by the

Defendants to sell a 2013 Toyota Prius ("the Vehicle"), with an altered and rolled-back

odometer, pursuant to false representations that the odometer reading was correct.  The Plaintiff

alleges that defendants We Cash Auto and MSS, Inc purchased the Vehicle in 2021 from an

individual in Maryland,  altered and rolled back the odometer and sold it to defendant Precision

Auto Sales of NY; and thereafter, Salvatore Alfred Riina and Daniel S. Riina, doing business as

a New York car dealership named "Precision Auto Sales of NY" through AVC Auctions,  sold

the vehicle it to the Plaintiff, with an altered and rolled back the odometer; and the Defendants

misrepresented the mileage of the vehicle as having approximately 47,909 miles, when in fact

the Vehicle had over 120,000 miles, and upon information and belief, the Defendants have

engaged in patterns of similar odometer fraud in the past.

1

## ALLEGATIONS COMMON TO ALL COUNTS

1.    Jurisdiction is vested in this Court pursuant to federal odometer law Title 49 U.S.C. § 32710, Title 28 U.S.C. § 1331, and the supplemental jurisdiction provisions of Title 28 U.S.C. § 1367.

2.    Plaintiff was a resident of the State of New York at the time of the sale of the Vehicle.

3.    Defendant Precision Auto Sales of NY, Inc. ("Precision Auto Sales") is a corporation organized under the laws of the State of New York with its principal place of business at all relevant times at 5000 Hempstead Turnpike, Farmingdale, NY 11735.    All conduct of the employees of Precision Auto Sales as alleged in this Complaint was within the course and scope of their employment and by and on behalf of Precision Auto Sales.

4.    Defendant Salvatore Alfred Riina is an individual and resident of the State of New York, who is a principal of and employed by Precision Auto Sales.

5.    Defendant Daniel S. Riina is an individual and resident of the State of New York, who is a principal of and employed by Precision Auto Sales.

6.    Defendant We Cash Auto is a business located in the State of Maryland doing business at 8851 Gorman Road, Laurel MD 20723.

7.    Defendant MSS Inc is a corporation, operating under the name of We Cash Auto, located in the State of Maryland doing business at 8851 Gorman Road, Laurel MD 20723.

8.    Defendant AVC Auctions Inc is a corporation organized under the laws of the State of Delaware, authorized to do business in the State of New York, with its principal executive office located at 640 Elliot Street, Buffalo, New York 14203.

2

## FACTUAL ALLEGATIONS

A.  Plaintiff's Purchase of the 2013 Toyota Prius

9.     On or about September 1, 2021 defendant Precision Auto Sales advertised the Vehicle for sale, (vehicle identification number JTDKN3DU6D5632647) with a claimed mileage of 47,909.

10.     Plaintiff traveled from her home in Manhattan to Precision Auto Sales in Farmingdale, New York in order to view the Vehicle which had been advertised for sale.

11.     Plaintiff spoke with both defendants Salvatore Alfred Riina and Daniel S. Riina about the Vehicle.

12.     Precision Auto Sales and both defendants Riina represented, verbally, by documents, by the odometer reading itself, and by their conduct that the mileage on the Vehicle was 47,909 miles.

13.     In reasonable reliance on the odometer reading and the representations about the Vehicle by defendants Precision Auto Sales and both defendants Riina as alleged, Plaintiff purchased the Vehicle for personal use from defendant Precision Auto Sales for $14,200.00, plus additional fees and taxes.

14.     Plaintiff was not aware and did not know that the representations regarding the mileage on the Vehicle were false.

B.  The Vehicle's Actual Odometer History

15.     Defendants We Cash Auto and MSS, Inc purchased the Vehicle in approximately July, 2021 from an individual in Maryland, at which time the actual mileage was over 120,000 miles.

3

16.     Upon information and belief, Defendants We Cash Auto and MSS, Inc. altered and rolled back the odometer.

17.     The Vehicle was purchased by Precision Auto Sales from MSS, Inc., through the services of defendant ACV Auctions, in August, 2021, upon information and belief, for $9,000.00.  At the time of the purchase by Precision Auto Sales, the true mileage on the Vehicle was in excess of 120,000 miles.

18.     Upon information and belief, Defendants knew, or should have known, that the mileage on the odometer was inaccurate had been altered and rolled back and sold the Vehicle with the mileage on the Vehicle's odometer showing approximately 47,909 miles.

19.     Plaintiff first learned that the mileage on the Vehicle was not correct and had been tampered with in August, 2022, when Plaintiff brought the car to a Toyota dealer in Portland, Oregon for service.

C.  The Defendants' Knowledge And Intent

20.     In all actions and omissions concerning the Vehicle, Defendants knew that the representations that the Defendants made were false, or acted with reckless disregard for whether they were true or false.

21.     Each and every representation, act, or omission was done with the intent that the Plaintiff rely on it in deciding to purchase the Vehicle and was done with the intent to defraud.

22.     Defendants had superior knowledge of the ownership history of the Vehicle and it mileage when compared with the knowledge of Plaintiff, and that knowledge was not within the fair and reasonable reach of Plaintiff.

23.   In all actions and omissions concerning the Vehicle, Defendants knew, or should have known, that the odometer had been tampered with and/or rolled-back to a false reading.

24.   Defendants acted in concert and/or conspired to purchase and resell the Vehicle with a tampered and/or rolled-back odometer as alleged.

25.   All of the actions and omissions of Defendants as alleged were willful, wanton, and malicious, done with reckless disregard for Plaintiff's rights, were outrageous because of evil motive or reckless indifference to the Plaintiff's rights and the rights of others, constituted fraud, and were done without just cause or excuse, so that plaintiff is entitled to separate awards of punitive damages against each of the Defendants.

26.   Plaintiff suffered damages as a proximate result of the false representations and conduct of the Defendants as alleged, including but not limited to the lessened value of the Vehicle (due to the higher mileage), ongoing and future costs of repair parts and expenditures of repair labor on the vehicle, taxes, insurance, the value of substantial efforts to cover, investigate and cope with the problems relating to the Vehicle, and other incidental and consequential damages.

## FIRST CAUSE OF ACTION
## VIOLATION OF FEDERAL ODOMETER LAW

27.   Plaintiff repeats and incorporates by reference paragraphs 1 through 26.

28.   The conduct of the Defendants in tampering with and/or rolling back the odometer on the Vehicle, in making and participating in making false mileage statements concerning the Vehicle, and in acting in concert and/or conspiring to sell the Vehicle pursuant to false mileage representations, constituted violations of Title 49 U.S.C. §§ 32703 and 32705, and the regulations for the enforcement of the federal odometer statutes at 49 C.F.R. §§ 580.1, et seq.

29.    As a proximate this conduct and the violations of the law, Plaintiff suffered actual damages as alleged in excess of $10,000.00.

30.    The conduct of the Defendants was with intent to defraud, so that pursuant to Title 49 U.S.C. § 32710, Plaintiff is entitled to three times her actual damages or $1,500, whichever is greater, against each of the Defendants, plus her reasonable attorney's fees and the cost of this action.


## SECOND CAUSE OF ACTION
## FRAUD

31.    Plaintiff repeats and incorporates by reference paragraphs 1 through 30.

32.    The actions and omissions of Defendants as alleged concerning the mileage representations of the Vehicle constituted fraud and the parties conspired together and/or acted in concert to commit such fraud.

33.    Plaintiff suffered actual damages proximately caused by this fraudulent conduct of Defendants as alleged.

34.    Defendants' conduct as alleged was such that the Plaintiff is entitled to an award of punitive damages against each Defendant.


## THIRD CAUSE OF ACTION
## VIOLATION OF NEW YORK STATE LAW

35.    Plaintiff repeats and incorporates by reference paragraphs 1 through 34.

36.    In violation of New York General Business Law § 349, Defendants engaged in deceptive business practices,  by selling or offering to sell, with the intent to defraud, the Vehicle

knowing that the odometer of such motor vehicle was tampered with, adjusted, altered, changed, or set back so as to reflect a lower mileage than the mileage of the motor vehicle.

37.     Plaintiff is entitled to recover actual damages, treble damages, punitive damages against each Defendant and to recover reasonable attorney's fees.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK CONSUMER PROTECTION LAWS**

38.      Plaintiff repeats and incorporates by reference paragraphs 1 through 37.

39.     Defendants' conduct of false representation and/or making false oral statements regarding the history of the vehicle, constituted a violation of the New York State Consumer Protection laws and General Business Law Section 392-e.

40.     As a proximate result of such conduct Plaintiff suffered actual damages.

41.     Plaintiff is entitled to recover her actual damages, as well as punitive damages, and to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally for:

A.    Compensatory damages in the amount of $10,000.00;

B.    Treble damages as provided for by Statute;

C.    Punitive damages, in an amount determined by the trier of fact;

D.    Reasonable attorneys' fees; and

E.      Such other and further relief as the Court deems just and proper.


## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on each and every Cause of Action in the Complaint.

Dated: New York, New York
           December 20, 2022


PAUL A. SHNEYER, PC


By:  Paul A. Shneyer, Esq.  (PAS 0992)
400 Riverside Drive
New York, New York 10025
(212) 595-7575;  Fax: (646) 390-7000
Email:  pasesq@aol.com
Attorney for Plaintiff

8